

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SYP-EMPIRE L.C. D/B/A GRANDY'S, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-213-A |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

  The above-captioned action was initiated by plaintiff, SYP-Empire L.C. d/b/a Grandy's, by the filing of its petition in the District Court of Tarrant County, Texas, 153rd Judicial District, on February 6, 2015. It named as defendants Travelers Casualty Insurance Company of America ("Travelers"), Marc Rodriguez ("Rodriguez"), Stefanie Morlen ("Morlen"), and Doug Salsbury ("Salsbury").

  Plaintiff alleged in its petition that Travelers provided insurance coverage on its properties in Tarrant County, Texas, when the properties were damaged by a hail and wind storm occurring in May, 2014, that Travelers has failed to pay plaintiff the benefits to which plaintiff says it is entitled under the policy by reason of the damage to its properties, and that Rodriguez, Morlen, and Salsbury were claims adjusters who were assigned by Travelers to adjust plaintiff's property damage

claims. Plaintiff alleged various theories of recovery against Travelers and the claims adjusters.

On March 19, 2015, Travelers removed the action to this court based on diversity jurisdiction. The notice of removal contained allegations establishing diversity of citizenship and the requisite amount in controversy as to plaintiff's claims against Travelers. In the notice of removal Travelers acknowledged that plaintiff is a citizen of the State of Texas and that Rodriguez, Morlen, and Salsbury each likewise is a citizen of the State of Texas, with the result that complete diversity of citizenship would not exist if Rodriguez, Morlen, or Salsbury was properly joined as a defendant. Travelers pleaded that the three claims adjusters were improperly and/or fraudulently joined as defendants, with the consequence that the citizenship of each of those defendants should be disregarded in determining whether complete diversity exists.

Plaintiff has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if any of the claims adjusters was properly joined, but does have subject matter jurisdiction if they were improperly or fraudulently joined.

The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic. See, e.g., Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015). Earlier in the day on the date of the signing of this memorandum opinion and order, the court issued similar rulings in another lawsuit in which such a tactic was employed. See Memorandum Opinion and Order and Final Judgment as to Certain Parties issued in Case No. 4:15-CV-277-A, styled "Elton G. Vann, Jr. v. Allstate Insurance Company, et al." on May 12, 2015.

After a study of plaintiff's state court pleading, and a review of the applicable legal authorities, the court has concluded, for essentially the same reasons given in Plascencia, Davis, and Vann why the claims adjusters were improperly joined in those cases, that plaintiff named Rodriguez, Morlen, and Salsbury as defendants in this action for the purpose of attempting to defeat federal court jurisdiction. The court has concluded that none of the claims asserted against those individuals would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the

consequence that the citizenships of those defendants should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against those defendants should be dismissed.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Rodriguez, Morlen, and Salsbury be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED May 12, 2015.

_____
JOHN McBRYDE
United States District Judge